# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRACIE RENFROE AND ANDREW STAKELUM,** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **MARISSA GRABOWSKI,** | § § § | **Case No. _____** |
| *Defendant.* | § § § | |

## <u>DECLARATION OF ANDREW STAKELUM</u>

My name is Andrew Stakelum.  I am over the age of 21 and am in all ways competent to make this declaration based on my personal knowledge.

1. I am a litigation partner at the law firm of King & Spalding LLP ("K&S") in Houston, Texas. In that capacity I am a member of K&S's Product Liability and Mass Torts practice group, which is co-chaired by Tracie Renfroe.

2. I have been employed by K&S since January of 2014 and have been practicing law for twenty years.

3. I started my tenure with K&S as an associate and was promoted to partner a few years later, which was a meaningful milestone in my career.  As such, I am personally familiar with the roles and responsibilities associates have at K&S and the work they are tasked to perform.

4. For several years I supported K&S's Product Liability and Mass Torts practice group as a Talent Partner in our Texas offices.  That role involved overseeing performance reviews, utilization and staffing on cases for the K&S associates in Texas who were assigned to that practice group, including Marissa Grabowski.

5. Based on my direct observations of Ms. Grabowski's substantive work, judgment, and behavior in the workplace, Ms. Grabowski had noticeable performance deficiencies.

6. In my role as a Talent Partner and as the responsible partner on certain matters to which Ms. Grabowski was assigned, I provided constructive feedback to help her improve her performance. Ms. Grabowski was frequently hostile towards this feedback.

7. Ms. Grabowski exhibited aggressive and disrespectful behavior towards me and I notified K&S's Lawyer Talent Development group for guidance.

8. In 2025, Ms. Grabowski was assigned to another Talent Partner and I did not participate in her 2025 performance review.

9. I have not seen or spoken with Ms. Grabowski since she stopped working at the K&S Houston office. I discovered on July 4, 2026 that she published false statements about me on LinkedIn.

10. I have read Ms. Grabowski's July 4, 2026 LinkedIn post and the draft petition attached to it and unequivocally deny the false statements she maliciously made about me in paragraphs 2, 46, and 53 of the draft petition.

11. I never sexually assaulted Ms. Grabowski. Nor did I ever have any sexual contact with her, consensual or otherwise, and I am thus both shocked and deeply disturbed at her fabricated accusation.

12. I have never had any personal relationship with Ms. Grabowski. My only interaction with her has been in the capacity of a professional affiliation when she was working with K&S.

13. It is clear to me that Ms. Grabowski has published false statements about me to hurt my personal and professional reputation, which I have worked diligently to develop over the last twenty years.

14. I submit this declaration to ensure the truth is told and that my family and my career are protected from Ms. Grabowski's false statements about me.

Docusign Envelope ID: E6D95CA2-FBC9-81A6-89B4-147F1F1FB215

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of July, 2026.

Signed by:

*Andrew Stakelum*

0F7BD6710D654B5...

Andrew Stakelum