# EXHIBIT C

CAUSE NO. _____

MARISSA M. GRABOWSKI,
*Plaintiff*,

v.

KING & SPALDING LLP;
ANDREW STAKELUM, Individually;
and TRACIE RENFROE, Individually;
*Defendants*.

IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS __ JUDICIAL DISTRICT

§

## INTRODUCTION

1. Tracie Renfroe and Andrew Stakelum, equity partners at King & Spalding LLP, stand at the highest levels of the legal profession. They are entrusted with immense institutional authority, extraordinary resources, and the collective weight of decades of legal experience. They hold positions of leadership within one of the largest and most influential law firms in the world—a firm that advises governments, Fortune 500 companies, and global institutions on matters of law, ethics, risk, and governance.

2. Plaintiff possessed none of those things. She was a first year associate and sexually assaulted by Andrew Stakelum on or about June 2025.

3. Plaintiff reported the assault to Tracie Renfroe–she did nothing about it.

4. Defendants failed to investigate, failed to act, and failed to fulfill the obligations of the profession.

5. This action asks whether the same expectations apply to the attorneys who supervise them. At its core, this case presents a simple question: who bears the responsibility for

the conduct of Andrew Stakelum and Tracie Renfroe and is permanent disbarment the appropriate sanction for such conduct committed by attorneys?

6.  Plaintiff seeks declaratory relief answering that question. The profession's future depends upon the answer.

## DISCOVERY CONTROL PLAN AND REQUEST FOR EXPEDITED CASE MANAGEMENT

### A. Level 3 Discovery Control Plan

7.  Plaintiff requests that discovery proceed pursuant to Texas Rule of Civil Procedure 190.4 under a customized Level 3 Discovery Control Plan.

8.  This action primarily presents questions of law concerning contract interpretation, conditions precedent, attorney supervisory obligations, vicarious liability, professional-responsibility duties, and the legal consequences arising therefrom.

9.  Because the principal issues are legal rather than factual, Plaintiff requests a discovery plan tailored to facilitate efficient judicial resolution of the legal issues presented while minimizing unnecessary expense and burden.

### B. Request for Expedited Scheduling Order

10. Plaintiff respectfully requests that the Court enter an expedited scheduling order designed to resolve threshold legal questions before the parties incur substantial discovery costs.

11. Plaintiff anticipates requesting procedures that:

   a.  prioritize the production of relevant documentary evidence;

   b.  encourage stipulations regarding authenticity and admissibility of records;

   c.  permit early determination of dispositive legal issues;

   d.  minimize cumulative discovery;

e.  avoid unnecessary disputes concerning apex depositions and supervisory-attorney discovery;

f.  reduce litigation expense; and

g.  facilitate prompt resolution of the legal questions presented.

### C. Bench Trial and Jury Waiver

12. Plaintiff affirmatively waives trial by jury and requests that all issues be tried to the Court.

13. Plaintiff believes the issues presented involve predominantly legal questions that are best resolved through judicial interpretation of governing contracts, statutes, professional-responsibility rules, agency principles, and common-law doctrines.

### D. Proposed Discovery Limitations

14. Plaintiff proposes that discovery initially be limited to documentary evidence, written discovery, stipulations, and other materials necessary to resolve the legal issues presented.

15. Unless otherwise ordered by the Court, Plaintiff proposes that depositions be deferred pending determination of threshold legal issues.

16. Plaintiff's purpose is not to restrict access to relevant evidence but rather to promote efficient adjudication, reduce unnecessary expense, avoid cumulative testimony, and minimize discovery disputes where the relevant issues may be determined through application of law to an established documentary record.

## E. Reservation of Rights

17. Should the Court determine that additional factual development is necessary, Plaintiff reserves the right to seek such discovery as may be appropriate and proportional to the needs of the case.

## PARTIES

### A. Plaintiff

18. Plaintiff Marissa Grabowski ("Plaintiff") was an individual resident of the State of Texas.

19. Plaintiff was formerly employed as an attorney by Defendant King & Spalding LLP and, at all times relevant hereto, performed legal services and maintained her principal employment relationship in Texas.

### B. Defendants

20. Defendant Andrew Stakelum ("Andrew") is an individual who, upon information and belief, may be served at his residence or usual place of business.

21. Upon information and belief, Andrew is licensed to practice law in the State of Texas..

22. Upon information and belief, Andrew is licensed to practice law in the State of Louisiana.

23. Upon information and belief, Andrew occupied supervisory, managerial, partner, leadership, governance, or other positions of responsibility within Defendant King & Spalding LLP during the events giving rise to this action.

24. Defendant Tracie Renfroe ("Tracie") is an individual who, upon information and belief, may be served at her residence or usual place of business.

25. Upon information and belief, Tracie is licensed to practice law in the State of Texas.

26. Upon information and belief, Tracie occupied supervisory, managerial, leadership, human resources, attorney development, personnel, compliance, governance, or other positions

of responsibility within Defendant King & Spalding LLP during the events giving rise to this action.

27. At all times relevant hereto, Andrew and Tracie possessed responsibilities relating to the supervision of attorneys, administration of Firm policies, investigation of workplace concerns, compliance with professional obligations, or other matters relevant to the claims and requests for declaratory relief asserted herein.

## AMOUNT IN CONTROVERSY

28. Plaintiff seeks both monetary and non-monetary relief.

29. The amount in controversy substantially exceeds the minimum jurisdictional limits of this Court.

30. Plaintiff seeks, among other relief, declaratory relief, actual damages, exemplary damages, attorneys' fees, costs of court, equitable relief, injunctive relief, and all other relief available at law or in equity.

31. This action arises from alleged failures of supervision, governance, reporting, accountability, and professional responsibility within one of the nation's most sophisticated legal institutions.

32. Plaintiff alleges that the conduct at issue was not the product of a single actor, isolated mistake, or momentary lapse in judgment, but rather reflects systemic failures by individuals entrusted with authority, responsibility, and stewardship of the legal profession.

33. Plaintiff therefore seeks exemplary damages in an amount not less than One Billion Dollars ($1,000,000,000.00), or such greater amount as the evidence may justify,

sufficient to punish, deter, and prevent comparable misconduct by institutions and individuals occupying positions of professional authority.

34. Plaintiff further seeks declarations concerning the circumstances under which attorney misconduct, supervisory failures, concealment, ratification, deliberate indifference, abuse of institutional authority, retaliation, or other aggravating conduct may give rise to civil liability, enhanced damages, disciplinary referral, suspension, disbarment, or other professional consequences recognized by law.

35. Plaintiff alleges that this controversy presents issues of substantial public importance concerning the integrity of the legal profession, the obligations of those entrusted with supervisory authority, and the consequences that follow when such authority is exercised in violation of professional duty.

**VENUE**

A. Basis for Venue Under Texas Civil Practice and Remedies Code

36. Venue is proper in this Court pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code.

37. Venue is proper because all or a substantial part of the events, omissions, transactions, communications, decisions, and injuries giving rise to Plaintiff's claims occurred in this county.

38. Venue is further proper because one or more Defendants conducted business in this county, directed activities toward this county, maintained employees within this county, exercised authority over personnel located within this county, and engaged in conduct giving rise to the claims asserted herein.

39. Venue is additionally proper because the contractual agreements, employment relationships, supervisory activities, and professional conduct at issue were performed, administered, enforced, implemented, or experienced in substantial part within this county.

### B. County-Specific Allegations

40. At all times relevant hereto, Plaintiff resided and worked in Harris County, Texas.

41. At all times relevant hereto, Plaintiff performed legal services for the Firm in Harris County, Texas.

42. Upon information and belief, the Firm maintained a substantial business presence in Harris County, Texas and employed attorneys, supervisors, managers, and other personnel within Harris County.

43. The conduct, decisions, communications, supervisory actions, failures to act, employment actions, contractual performance, contractual breaches, and alleged injuries giving rise to this action occurred, in whole or in substantial part, within Harris County, Texas.

44. The documentary evidence, witnesses, employment records, communications, and other materials relevant to the claims and defenses asserted herein are located in or substantially connected to Harris County, Texas.

45. Accordingly, venue is proper in Harris County, Texas.

### FACTUAL BACKGROUND

46. On or about June 2025, Plaintiff was sexually assaulted by her designated supervising attorney, Andrew Stakelum, while employed by Defendant King & Spalding LLP. See Ex. __.[1]

---

[1] The exhibits supporting this filing contain confidential and sensitive information and will be produced subject to an appropriate protective order governing their use and disclosure.

47. Plaintiff reported the conduct to Tracie Renfroe. See Ex. __.

48. Plaintiff was not removed from working with Andrew Stakelum. On or about October 30, 2025, King & Spalding LLP terminated Plaintiff's employment. See Ex. __.

49. Prior to her termination, Defendants were aware that Plaintiff intended to relocate to California and pursue admission to practice law in California. See Ex. __.

50. Following her termination, Plaintiff relocated to California and continued the California bar-admission process. See Ex. __.

51. Plaintiff subsequently obtained employment with Miller Barondess LLP. See Ex. __.

52. Plaintiff's California admission efforts became the subject of communications and proceedings with the California Bar Admissions Office, including correspondence concerning examination scoring and admission-related issues. See Exs. –.

53. Plaintiff contends that Defendants communicated with or otherwise interfered with Plaintiff's California admission efforts. The nature, extent, timing, and legal significance of such conduct are matters presented for determination in this action. See Exs. –.

54. Plaintiff was denied admission to practice law in California. See Ex. __.

55. As a result, Plaintiff was unable to continue practicing law in California in the capacity anticipated at the time she accepted employment in that jurisdiction. See Ex. __.

56. Plaintiff's employment with Miller Barondess LLP subsequently ended. See Ex. __.

57. Plaintiff contends that immediately following the termination of her second employment position, she received communications relating to the claims and controversies at issue in this action. See Ex. __.

58. Plaintiff thereafter resigned from her position with the Texas Unauthorized Practice of Law Committee. See Ex. __.

59. The events described above are reflected in employment records, bar-admission records, correspondence, communications, and other documentary evidence that will be presented to the Court.

60. The principal issues presented in this action concern the conduct that followed Plaintiff's report of misconduct, including the actions of supervisory attorneys, Firm leadership, and other individuals occupying positions of authority within the legal profession.

## LEGAL FRAMEWORK PRESENTED

61. This action presents a series of legal questions concerning contract interpretation, attorney supervision, professional responsibility, agency, vicarious liability, organizational liability, and available remedies.

62. Plaintiff contends that the principal issues may be substantially resolved through interpretation of governing agreements, professional-responsibility rules, agency principles, and other legal authorities without extensive factual discovery.

63. At its core, this action concerns the allocation of responsibility among individual attorneys, supervisory attorneys, firm management, human resources personnel, and the Firm itself when allegations of misconduct are reported, known, suspected, ignored, investigated, concealed, ratified, or otherwise addressed.

64. Plaintiff seeks determination of:

    a.  whether contractual conditions precedent were satisfied;

    b.  the nature and scope of duties owed by supervisory attorneys and Firm leadership;

    c.  the circumstances under which professional-responsibility obligations require investigation, reporting, intervention, or remedial action;

d. the circumstances under which knowledge, notice, suspicion, red flags, or constructive knowledge give rise to legal duties;

e. the circumstances under which responsibility may be imputed to supervisory personnel or the Firm through agency, respondeat superior, ratification, negligent supervision, negligent retention, partnership liability, or other recognized doctrines;

f. the relationship between professional-responsibility obligations, civil liability, and disciplinary consequences; and

g. the circumstances under which enhanced remedies, including exemplary damages, punitive damages, equitable relief, disciplinary referral, suspension, or disbarment may be available.

65. Resolution of these legal questions will materially advance determination of the parties' respective rights, duties, obligations, and potential liabilities arising from the matters alleged herein.

## CLAIMS FOR DECLARATORY RELIEF

### COUNT I
### DECLARATORY JUDGMENT
### (TEX. CIV. PRAC. & REM. CODE CH. 37)

66. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

67. On or about November 25, 2025, Plaintiff and Defendant King & Spalding LLP entered into a Confidential Separation Agreement and General Release (the "Separation Agreement"), attached hereto as Exhibit __ [Executed Separation Agreement].

68. The Separation Agreement established a future Separation Date and conditioned certain separation-related benefits upon satisfaction of specified contractual requirements. Ex. __ [Executed Separation Agreement] § 5.

69. Section 5 of the Separation Agreement provides that Separation Pay shall be paid only if Plaintiff satisfies certain conditions, including execution of a separate Release attached as Exhibit A to the Separation Agreement. Ex. __ [Executed Separation Agreement] § 5.

70. Section 5 further provides that Plaintiff must sign the Release "on or within 10 calendar days after the Separation Date, but no sooner than the Separation Date." Ex. __ [Executed Separation Agreement] § 5.

71. Section 5 additionally provides that "no Separation Pay will be paid if you fail to sign the Release within 10 calendar days after the Separation Date." Ex. __ [Executed Separation Agreement] § 5.

72. The Release referenced in Section 5 is a separate document attached as Exhibit A to the Separation Agreement. Ex. __ [Executed Separation Agreement], Ex. A.

49. Plaintiff contends that the plain language of Section 5 establishes execution of the Exhibit A Release following the Separation Date as a contractual condition precedent.

50. Plaintiff further contends that representatives of Defendants expressly communicated that execution of the Release following the Separation Date was required in order to satisfy the contractual requirements of Section 5. See Ex. __ [HR Correspondence Regarding Release Execution]; Ex. __ [Additional Communications].

51. Defendants nevertheless contend that Plaintiff executed a valid and enforceable release that bars some or all claims arising from Plaintiff's employment and separation.

52. In correspondence dated April 19, 2026, Defendants' counsel, Michelle Pector, asserted that Plaintiff executed a binding release and that Plaintiff's claims are barred by the Separation Agreement and related dispute-resolution provisions. A true and correct copy of that correspondence is attached hereto as Exhibit __ [Rhinehart Correspondence].

53. Defendants continue to rely upon the purported Release as a defense to Plaintiff's claims. Ex. __ [Rhinehart Correspondence].

54. Plaintiff disputes Defendants' interpretation of the Separation Agreement and disputes whether all contractual conditions precedent required for the Release to become effective were satisfied.

55. Accordingly, an actual and justiciable controversy exists concerning:

   a.  whether execution of the Release following the Separation Date constituted a condition precedent under Section 5 of the Separation Agreement;

   b.  whether the parties intended execution of the Release to occur at a separate point in time following execution of the Separation Agreement;

   c.  whether all contractual conditions precedent were satisfied;

   d.  whether the Release became effective and enforceable;

   e.  whether Defendants may rely upon the purported Release as a defense to Plaintiff's claims; and

   f.  the respective rights and obligations of the parties under the Separation Agreement.

56. Plaintiff seeks a declaration determining the existence, scope, satisfaction, and legal effect of the contractual conditions precedent contained in Section 5 of the Separation Agreement.

57. Plaintiff further seeks a declaration regarding the legal effect of any purported execution of the Release before the Separation Date in light of the Agreement's express requirement that the Release be executed "on or within 10 calendar days after the Separation Date, but no sooner than the Separation Date." Ex. __ [Executed Separation Agreement] § 5.

58. Plaintiff seeks all relief authorized by Chapter 37 of the Texas Civil Practice and Remedies Code, including attorneys' fees, costs, equitable relief, and such other relief to which Plaintiff may be entitled.

**COUNT II**
**DECLARATORY JUDGMENT REGARDING SUPERVISORY DUTIES,**
**PROFESSIONAL RESPONSIBILITY, REPORTING OBLIGATIONS,**
**AND VICARIOUS LIABILITY**
**(TEX. CIV. PRAC. & REM. CODE CH. 37)**

66. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

67. An actual and justiciable controversy exists concerning the nature, scope, application, and legal consequences of duties owed by attorneys, supervisory attorneys, law firms, partners, managers, human resources personnel, executive leadership, and other persons occupying positions of authority within legal organizations.

68. The controversy arises from Defendants' response to Plaintiff's report of misconduct, the actions taken or not taken thereafter, the supervision and management of attorneys within the Firm, and the allocation of responsibility among individual actors and the Firm itself. See Exs. __ [Report of Misconduct], __ [Internal Communications], __ [Personnel Records], and __ [Termination Records].

69. Plaintiff contends that attorneys occupying supervisory or managerial positions possess duties arising under common law, agency principles, firm governance obligations, the ABA Model Rules of Professional Conduct, the Texas Disciplinary Rules of Professional Conduct, and other applicable authorities. See Exs. __ [ABA Rule 5.1], __ [ABA Rule 8.3], __ [Texas Rule 5.01], __ [Texas Rule 8.03], and __ [Professional Responsibility Authorities].

70. Plaintiff further contends that such duties may include obligations to investigate, supervise, report, intervene, remediate, prevent, or otherwise respond to reports of misconduct occurring within a law firm.

71. Defendants dispute the nature, scope, triggering circumstances, and legal consequences of such duties.

72. Accordingly, Plaintiff seeks declarations concerning the following questions:

### A. Professional Responsibility Duties

73. Whether attorneys occupying supervisory, managerial, leadership, partner, human resources, compliance, or governance positions owe affirmative duties to supervise subordinate attorneys and personnel.

74. Whether such individuals possess affirmative duties to investigate reports, complaints, allegations, or other information suggesting attorney misconduct.

75. Whether attorneys possess affirmative duties to take reasonable corrective or remedial action upon learning of potential misconduct.

76. Whether attorneys possess affirmative duties to report professional misconduct committed by other attorneys and, if so, the nature and extent of such duties.

### B. Triggering Circumstances

77. Whether supervisory duties arise only upon actual knowledge of misconduct.

78. Whether supervisory duties may arise upon notice, complaints, reports, credible allegations, awareness of red flags, constructive knowledge, suspicion, or other circumstances reasonably requiring inquiry.

79. Whether supervisory obligations may be avoided through delegation, inaction, willful blindness, conscious avoidance, failure to investigate, or reliance upon others.

80. Whether awareness of facts suggesting potential misconduct imposes a duty to conduct further inquiry.

### C. Allocation of Responsibility

81. Whether responsibility for misconduct may extend beyond the primary actor.

82. Whether supervisory attorneys may incur individual responsibility for failure to supervise, investigate, report, intervene, remediate, prevent, or otherwise address known or suspected misconduct.

83. Whether responsibility may extend to firm management, executive leadership, human resources personnel, practice-group leadership, compliance personnel, or other individuals possessing authority over the conduct at issue.

84. Whether professional-responsibility obligations are personal, non-delegable, capable of delegation, or shared among multiple actors.

85. Whether responsibility may simultaneously attach to individual attorneys and the Firm.

86. Whether liability arising from attorney misconduct may be imputed to the Firm through agency principles, respondeat superior, ratification, negligent supervision, negligent retention, partnership law, firm governance obligations, or other recognized doctrines.

### D. Civil and Professional Consequences

87. Whether violations of professional-responsibility rules may constitute evidence of negligence, gross negligence, breach of duty, ratification, conscious indifference, malice, retaliation, or other legally significant conduct in a civil proceeding.

88. Whether failure to investigate, report, prevent, remediate, or address known or suspected misconduct may itself constitute professional misconduct.

89. Whether breaches of supervisory duties may give rise to civil liability, equitable relief, declaratory relief, fee shifting, enhanced damages, disciplinary referral, suspension, disbarment, or other consequences recognized by law.

90. Whether professional-responsibility violations may be considered in determining the availability of exemplary damages, punitive damages, or other extraordinary remedies.

91. Plaintiff seeks declarations sufficient to determine the rights, duties, responsibilities, obligations, and potential liabilities of the parties under the foregoing authorities.

92. The declarations requested herein will materially advance resolution of the controversy and assist in determining the proper allocation of responsibility among individual attorneys, supervisory attorneys, Firm leadership, and the Firm itself.

93. Plaintiff therefore seeks all declaratory relief authorized by Chapter 37 of the Texas Civil Practice and Remedies Code, together with attorneys' fees, costs, equitable relief, and such further relief as the Court deems appropriate.

**COUNT IV**
**DECLARATORY JUDGMENT REGARDING COORDINATED CONDUCT, INSTITUTIONAL LIABILITY, ENHANCED CIVIL LIABILITY, AND EXEMPLARY DAMAGES**
**(TEX. CIV. PRAC. & REM. CODE CH. 37)**

94. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

95. An actual and justiciable controversy exists concerning the legal significance of the documentary record relating to Plaintiff's report of misconduct, subsequent termination, professional licensing efforts, employment opportunities, communications among Defendants and their agents, and other events occurring thereafter.

96. Plaintiff contends that the documentary record reflects a coordinated course of conduct extending beyond any single employment decision and involving multiple actors occupying positions of authority within the Firm. See Exs. __ [Termination Records], __

[Internal Communications], __ [California Bar Correspondence], __ [Employment Records], __ [Post-Termination Correspondence], and __ [Additional Documentary Evidence].

97. Defendants dispute the legal significance of those documents and dispute whether responsibility may extend beyond individual actors to supervisory personnel, Firm leadership, or the Firm itself.

98. Accordingly, Plaintiff seeks declarations concerning the following questions:

   a. Whether a series of related actions, communications, omissions, decisions, referrals, reports, or other conduct reflected in the documentary record may be considered collectively rather than in isolation;

   b. Whether a coordinated course of conduct involving multiple actors may give rise to liability even where no single act independently establishes liability;

   c. Whether knowledge, participation, acquiescence, approval, ratification, concealment, conscious avoidance, or deliberate indifference reflected in the documentary record may support liability against supervisory personnel or the Firm;

   d. Whether responsibility may extend beyond the primary actor to attorneys, supervisors, managers, human resources personnel, executive leadership, committees, or other Firm representatives participating in, approving, facilitating, or failing to prevent the conduct reflected in the documentary record;

   e. Whether the conduct reflected in the documentary record may support claims or theories including civil conspiracy, aiding and abetting, ratification, negligent supervision, negligent retention, breach of fiduciary duty, agency liability,

Page 17

respondeat superior, partnership liability, entity liability, or other recognized bases of recovery;

f.   Whether the timing, sequence, coordination, or cumulative effect of actions reflected in the documentary record may be considered in determining intent, motive, knowledge, ratification, causation, or responsibility;

g.   Whether violations of professional-responsibility obligations may constitute evidence of negligence, gross negligence, conscious indifference, malice, retaliation, ratification, or other aggravating conduct;

h.   Whether the conduct reflected in the documentary record may support recovery of exemplary damages, punitive damages, equitable relief, injunctive relief, fee shifting, restitution, disgorgement, or other extraordinary remedies; and

i.   The legal standards governing allocation of responsibility among individual actors, supervisory personnel, Firm leadership, and the Firm itself.

99. Plaintiff further seeks declarations concerning the circumstances under which a documented pattern of conduct affecting an attorney's employment, professional opportunities, licensing efforts, ability to practice law, or professional standing may give rise to enhanced civil liability.

100.   Plaintiff seeks declarations sufficient to determine the legal consequences of the conduct reflected in the documentary record and the extent to which such conduct may be attributed to individual actors, supervisory personnel, Firm leadership, and the Firm.

101.   The declarations requested herein will materially assist in resolving the parties' dispute and determining the availability of exemplary damages, punitive damages, equitable relief, and other remedies.

102. Plaintiff therefore seeks all relief authorized by Chapter 37 of the Texas Civil Practice and Remedies Code, together with attorneys' fees, costs of court, prejudgment interest, postjudgment interest, and all further relief to which Plaintiff may be entitled.

## REQUEST FOR EXPEDITED DETERMINATION OF THRESHOLD LEGAL ISSUES

103. Plaintiff respectfully requests that the Court establish a phased case-management schedule directed toward early resolution of the threshold legal issues presented in this action.

104. The principal disputes concern questions of law, including contract interpretation, conditions precedent, attorney supervisory obligations, professional-responsibility duties, agency principles, vicarious liability doctrines, and the legal significance of the documentary record.

105. Plaintiff contends that many of the material facts are reflected in written agreements, correspondence, employment records, licensing records, and other documentary evidence already in existence and capable of presentation to the Court.

106. The parties to this action are sophisticated attorneys, law-firm leaders, and legal professionals who are fully capable of identifying the relevant legal questions, authenticating the relevant documents, and presenting those issues for judicial determination without unnecessary discovery disputes.

107. Plaintiff therefore respectfully submits that threshold legal issues should be resolved before the parties incur substantial expense engaging in fact-intensive discovery concerning damages, causation, or other secondary issues.

108.    Plaintiff further requests that the Court consider procedures encouraging stipulations concerning authenticity, admissibility, and other matters not reasonably subject to genuine dispute.

109.    Plaintiff contends that early judicial determination of the governing legal framework may materially narrow the issues requiring discovery, reduce litigation costs, conserve judicial resources, and promote the efficient administration of justice.

110.    Plaintiff further contends that proceedings extending beyond the resolution of genuine legal disputes and reasonably disputed facts risk imposing unnecessary burdens on the parties, increasing litigation expense, and distracting from the legal questions presented for determination.

111.    Accordingly, Plaintiff respectfully requests such scheduling, briefing, evidentiary, and case-management procedures as the Court deems appropriate to facilitate prompt resolution of the threshold legal issues presented herein.

## CONDITIONS PRECEDENT

112.    Plaintiff acknowledges that certain claims and defenses asserted by the parties arise from written agreements containing alleged conditions precedent.

113.    Plaintiff contends that all conditions precedent required to maintain the claims asserted herein have occurred, have been performed, have been excused, have been waived, or are otherwise inapplicable.

114.    To the extent Defendants contend that any contractual condition precedent governs the rights and obligations of the parties, Plaintiff affirmatively disputes whether such condition precedent was satisfied and seeks judicial determination of that issue through the declaratory relief requested herein.

115. Plaintiff specifically contends that one or more conditions precedent asserted by Defendants may not have occurred, may have been waived, may have been excused, or may have failed as a matter of law.

116. Alternatively, and to the extent necessary, Plaintiff alleges that any unsatisfied condition precedent was waived, prevented, excused, repudiated, rendered impossible, rendered futile, or otherwise discharged by the conduct of Defendants or their agents.

117. Plaintiff therefore pleads satisfaction, waiver, excuse, prevention, discharge, and all other applicable doctrines concerning conditions precedent.

### ATTORNEYS' FEES

#### A. Texas Declaratory Judgments Act

118. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

119. Plaintiff seeks declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

120. Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks recovery of all reasonable and necessary attorneys' fees that are equitable and just.

121. Plaintiff further seeks recovery of all fees incurred in investigating, preparing, prosecuting, trying, briefing, appealing, enforcing, and otherwise litigating the declaratory-relief claims asserted herein.

#### B. Statutory Basis

122. To the extent any claim asserted herein provides an independent statutory basis for the recovery of attorneys' fees, Plaintiff seeks recovery of such fees as permitted by applicable law.

123.    Plaintiff further seeks all attorneys' fees recoverable pursuant to any applicable statute, contract, rule, regulation, or other legal authority.

124.    Plaintiff additionally seeks conditional appellate attorneys' fees through all levels of appellate review, including proceedings before the Court of Appeals, the Supreme Court of Texas, and the Supreme Court of the United States.

## C. Equitable Basis

125.    Plaintiff further seeks recovery of attorneys' fees and litigation expenses under all equitable doctrines recognized by Texas law.

126.    Plaintiff alleges that the legal issues presented in this action concern matters of substantial public importance relating to attorney supervision, professional responsibility, law-firm governance, vicarious liability, reporting obligations, disciplinary duties, and the administration of justice.

127.    Plaintiff further alleges that the declaratory relief sought herein will clarify the legal rights, obligations, duties, and responsibilities of attorneys, supervisory personnel, and law firms and will materially benefit the administration of justice.

128.    Plaintiff therefore requests all attorneys' fees, costs, expenses, and other litigation-related expenditures that the Court determines are equitable, just, and authorized by law.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

129.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

130.    To the extent Plaintiff recovers actual damages, exemplary damages, punitive damages, attorneys' fees, costs, equitable relief, restitution, disgorgement, or any other

monetary recovery authorized by law, Plaintiff seeks prejudgment interest as permitted by Texas law.

131. Plaintiff seeks prejudgment interest at the maximum rate permitted by applicable law beginning on the earliest date authorized by statute, common law, or equitable principles and continuing through the date of judgment.

132. Plaintiff further seeks postjudgment interest on all amounts awarded by the Court, including damages, attorneys' fees, costs, and all other recoverable sums.

133. Plaintiff requests that postjudgment interest accrue at the highest rate permitted by applicable law from the date judgment is signed until the judgment is fully satisfied.

134. Plaintiff further seeks all interest recoverable during appellate proceedings, enforcement proceedings, collection proceedings, and any other post-judgment proceedings authorized by law.

135. Plaintiff therefore requests an award of prejudgment and postjudgment interest in the maximum amounts permitted by law.

## DECLARATORY JUDGMENT REGARDING SUPERVISORY RESPONSIBILITY, MANDATORY REPORTING, AND DISCIPLINARY CONSEQUENCES

136. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

137. Plaintiff alleges that each attorney identified herein occupied a position involving supervisory, managerial, reporting, governance, compliance, human-resources, leadership, or other authority relevant to the conduct alleged in this action.

138. Plaintiff further alleges that such individuals possessed responsibilities arising under the ABA Model Rules of Professional Conduct, the Texas Disciplinary Rules of Professional Conduct, applicable law, Firm policies, and the duties associated with

supervising attorneys and legal personnel. See Exs. __ [ABA Authorities], __ [Texas Authorities], and __ [Firm Governance Materials].

139.   Plaintiff contends that attorneys entrusted with supervisory authority bear corresponding obligations to investigate reports of misconduct, take reasonable remedial action, protect reporting attorneys from retaliation, ensure compliance with professional obligations, and report misconduct where required by applicable rules.

140.   Defendants dispute the existence, scope, triggering circumstances, and consequences of such obligations.

141.   Plaintiff therefore seeks declarations concerning:

   a.   which Defendants occupied supervisory or managerial positions relevant to the matters alleged herein;

   b.   the duties owed by each supervisory attorney arising from such positions;

   c.   whether those duties included obligations to investigate, intervene, remediate, prevent retaliation, or report misconduct;

   d.   whether such duties were personal, non-delegable, or capable of delegation;

   e.   whether a failure to discharge such duties may constitute professional misconduct;

   f.   whether supervisory responsibility may exist even where an attorney was not the primary actor; and

   g.   the legal consequences arising from any breach of such duties.

142.   Plaintiff further seeks declarations concerning the circumstances under which violations of supervisory and reporting obligations may warrant referral to disciplinary authorities, mandatory reporting obligations, suspension, disbarment, public discipline, private discipline, or other professional consequences recognized by law.

143.    Plaintiff further seeks declarations concerning whether findings made in this action should be reported to the licensing and disciplinary authorities of the jurisdictions in which the relevant attorneys are admitted to practice.

144.    Plaintiff further seeks declarations concerning whether professional-responsibility violations affecting client representation, attorney supervision, workplace governance, or the administration of justice may require disclosure to affected clients, regulatory authorities, courts, or other appropriate entities.

145.    Plaintiff anticipates identifying each attorney whose conduct is implicated by the documentary record and the supervisory responsibilities associated with that attorney through exhibits and supporting materials attached hereto or subsequently filed with the Court. See Exs. __ [Attorney Responsibility Matrix], __ [Organizational Structure], and __ [Supervisory Authority Chart].

146.    Plaintiff seeks declarations sufficient to determine the professional obligations owed by each supervisory attorney and the consequences, if any, arising from a failure to discharge those obligations.

147.    The declarations requested herein will materially assist in determining the responsibilities of attorneys entrusted with authority within the legal profession and the consequences that follow when such authority is exercised contrary to professional duty.

148.    Plaintiff therefore seeks all relief authorized by Chapter 37 of the Texas Civil Practice and Remedies Code together with such further relief as the Court deems just and proper.

**REQUEST FOR DISCLOSURE**

149. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose, within the time prescribed by the Texas Rules of Civil Procedure, the information and material required to be disclosed under Rule 194.

150. Plaintiff further requests supplementation of all disclosures as required by the Texas Rules of Civil Procedure.

## JURY DEMAND WAIVER

151. Plaintiff expressly waives trial by jury and requests that all issues of law and fact be tried to the Court.

152. Plaintiff contends that this action principally presents questions concerning contract interpretation, conditions precedent, professional-responsibility obligations, supervisory duties, agency principles, vicarious liability doctrines, and other legal issues appropriately resolved through a bench trial.

153. Accordingly, Plaintiff requests that this matter be placed on the Court's non-jury docket and set for trial before the Court.

## PRAYER

154. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and that, upon final hearing, the Court enter judgment in favor of Plaintiff and against Defendants as follows:

    a. Declaring the rights, duties, obligations, responsibilities, and legal relations of the parties as requested herein;

    b. Awarding all declaratory relief authorized by Chapter 37 of the Texas Civil Practice and Remedies Code;

 c. Awarding actual damages, exemplary damages, punitive damages, equitable relief, injunctive relief, restitution, disgorgement, and all other remedies available at law or in equity;

 d. Awarding attorneys' fees, expert fees where recoverable, costs of court, and all litigation expenses authorized by law;

 e. Awarding prejudgment and postjudgment interest at the maximum rate permitted by law;

 f. Awarding such declarations, findings, referrals, reporting obligations, and other relief as may be necessary to effectuate the Court's judgment;

 g. Awarding all further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

155. Plaintiff further requests that the Court retain jurisdiction as necessary to enforce its declaratory judgments and other orders entered in this action.

## CONCLUSION

156. Plaintiff entered the legal profession believing that attorneys were bound by the same principles they ask courts, clients, and the public to respect: honesty, accountability, fairness, and fidelity to the rule of law.

157. The events giving rise to this action fundamentally altered that belief.

158. Plaintiff alleges that the individuals entrusted with enforcing those principles failed to uphold them. The resulting loss was not limited to employment, professional opportunities, or economic harm. It was a loss of confidence in the institutions and individuals Plaintiff once admired and sought to emulate.

159.    As reflected throughout this Petition, Plaintiff no longer can continue practicing alongside the individuals whose conduct forms the basis of this action.

160.    This action is therefore not brought to preserve a legal career. It is brought to obtain answers, accountability, and a determination of the duties owed by those entrusted with authority within the legal profession.

161.    Plaintiff respectfully requests that the Court grant the relief requested herein and such other relief to which Plaintiff may be justly entitled.

_____
Marissa M. Grabowski
*Retired*
Texas Bar No. 24137472
Louisiana Bar No. 41258

CAUSE NO. _____

MARISSA GRABOWSKI,
*Plaintiff*,

v.

KING & SPALDING LLP;
ANDREW STAKELUM, Individually;
TRACIE RENFROE, Individually;
and KING & SPALDING LLP
*Defendants*.

IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS __ JUDICIAL DISTRICT

§

**PLAINTIFF'S REQUEST FOR ISSUANCE OF CITATION**

TO THE HONORABLE DISTRICT CLERK OF HARRIS COUNTY:

Plaintiff respectfully requests that the District Clerk issue citation upon the filing of

Plaintiff's Original Petition for service upon the following Defendant(s):

1. **Andrew Stakelum**
   Service Address:
   1100 Louisiana Street
   Suite 4100
   Houston, Texas 77002

2. **Tracie Renfroe**
   Service Address:
   1100 Louisiana Street
   Suite 4100
   Houston, Texas 77002

3. **Amony McAndrew**
   **King & Spalding LLP**
   1180 Peachtree Street NE
   Atlanta, Georgia 30309

Page 29

Plaintiff respectfully requests that the Clerk issue citation in accordance with the Texas Rules of Civil Procedure for service upon Defendant by the sheriff, constable, or an authorized private process server.

Before initiating this action, Plaintiff made good-faith efforts to resolve the dispute without judicial intervention. Defendant's designated counsel, Ms. Michelle Pector, declined to accept service on Defendant's behalf and refused to engage in meaningful pre-suit communications or dispute resolution, as evidenced by **Exhibit B**. Defendant's refusal to cooperate made the filing of this lawsuit and formal service of process necessary.

Accordingly, Plaintiff respectfully requests that the Court award all taxable court costs and such other costs, fees, and expenses as are recoverable under the Texas Rules of Civil Procedure, applicable statutes, or other governing law. Plaintiff further requests any additional relief to which Plaintiff may be justly entitled arising from Defendant's refusal to cooperate in pre-suit resolution and acceptance of service.

Respectfully submitted,

_____

Marissa M. Grabowski
*Retired*
Texas Bar No. 24137472
Louisiana Bar No. 41258

Page 30

**EXHIBIT A**

**Individuals Holding Supervisory Authority and Corresponding Professional Responsibilities**

Exhibit A identifies the attorneys who, at all relevant times, occupied supervisory, managerial, or other positions of authority within Defendant law firm. Based upon their respective roles and responsibilities, these individuals possessed supervisory obligations under the applicable rules of professional conduct, including duties relating to the supervision of subordinate attorneys and nonlawyer personnel, the maintenance of ethical compliance, and, where applicable, the reporting or remediation of professional misconduct.

The inclusion of an individual in this exhibit is intended solely to identify that person's supervisory position and corresponding professional responsibilities during the relevant period. Plaintiff reserves the right to supplement, amend, or modify this exhibit as additional information becomes available through discovery or further investigation. Nothing contained in this exhibit constitutes a finding of individual liability, and Plaintiff does not waive any claims, defenses, or legal theories by the identification or omission of any individual.

| Individual | Institution | Role |
|---|---|---|
| Tracie Renfroe | King & Spalding LLP | Attorney |
| Andrew Stakelum | King & Spalding LLP | Attorney |
| Randall Bassett | King & Spalding LLP | Attorney |
| Andrew Bayman | King & Spalding LLP | Attorney |

| | | |
|---|---|---|
| Matthew Blaschke | King & Spalding LLP | Attorney |
| Zachary Burnett | King & Spalding LLP | Attorney |
| Randall Butterfield | King & Spalding LLP | Attorney |
| Andrew Calica | King & Spalding LLP | Attorney |
| Eva Caanan | King & Spalding LLP | Attorney |
| Gregory Chernack | King & Spalding LLP | Attorney |
| Susan Clare | King & Spalding LLP | Attorney |
| Todd Davis | King & Spalding LLP | Attorney |
| Geoffrey Drake | King & Spalding LLP | Attorney |
| Christopher Eby | King & Spalding LLP | Attorney |
| Joseph Eisert | King & Spalding LLP | Attorney |
| Robert Friedman | King & Spalding LLP | Attorney |
| Phillip Green | King & Spalding LLP | Attorney |
| Alvin Lee | King & Spalding LLP | Attorney |
| Cory Hohnbaum | King & Spalding LLP | Attorney |
| Bruce Hurley | King & Spalding LLP | Attorney |

| | | |
|---|---|---|
| Madison Kitchens | King & Spalding LLP | Attorney |
| Patrick Price | King & Spalding LLP | Attorney |
| Gregory Ruehlmann | King & Spalding LLP | Attorney |
| Franklin Sacha | King & Spalding LLP | Attorney |
| Mark Sentenac | King & Spalding LLP | Attorney |
| Elizabeth Taber | King & Spalding LLP | Attorney |
| Carmen Toledo | King & Spalding LLP | Attorney |
| Susan Vargas | King & Spalding LLP | Attorney |
| Amory McAndrew | King & Spalding LLP | Attorney |
| Robert Woo | King & Spalding LLP | Attorney |
| Drew Bell | King & Spalding LLP | Attorney |
| Christie Cardon | King & Spalding LLP | Attorney |
| Ryan Kearney | King & Spalding LLP | Attorney |
| Mitchell Bryant | King & Spalding LLP | Attorney |
| Aaron Parks | King & Spalding LLP | Attorney |
| Sarah Virginia Warburg Koechlin | King & Spalding LLP | Attorney |

| | | |
|---|---|---|
| Angela Tarasi | King & Spalding LLP | Attorney |
| Nicholas Howell | King & Spalding LLP | Attorney |
| Andrew Whittaker | King & Spalding LLP | Attorney |
| Laura Enderton Speed | State Bar of California | Attorney |
| Louis "Skip" Miller | Miller Barondess LLP | Partner |
| Daniel S. Miller | Miller Barondess LLP | Partner |
| James ("Jim") Miller | Miller Barondess LLP | Partner |
| David Schechter | Miller Barondess LLP | Partner |
| Justin Erlich | Miller Barondess LLP | Partner |

# EXHIBIT B

Case 4:26-cv-05327  Document 1-3  Filed 07/06/26 in TXSD  Page 37 of 53

 Gmail

Marissa Grabowski <mmgrabowski12@gmail.com>

## Notice of Representation and Reminder of Release and Post-Employment Obligations
18 messages

**Pector, Michelle** <michelle.pector@morganlewis.com>                    Sun, Apr 19, 2026 at 9:31 AM
To: "mmgrabowski12@gmail.com" <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Dear Ms. Grabowski,

In connection with your email below, please find the attached Notice of Representation and Reminder of your Release and Post-Employment Obligations.

Given that the King & Spalding LLP and the individuals identified in your draft petition and March 16th correspondence are represented by counsel, all future communications regarding this matter must be directed through counsel.

Best regards,
Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Thursday, April 16, 2026 2:19 AM
**To:** Amory McAndrew <AMcAndrew@kslaw.com>
**Cc:** Marissa Grabowski <mgrabowski@millerbarondess.com>
**Subject:** RE: Jane Doe - Initial Coordination

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

Happy Thursday! We are preparing to file and wanted to reach out in advance to see whether there are any matters the parties might be able to stipulate to at the outset. If there are areas where we can narrow issues or agree on basic parameters—particularly to avoid unnecessary motion practice—I'm open to discussing.

Separately, please let me know how you would prefer to handle service of process. I am happy to coordinate in a manner that is most efficient for everyone.

I'm available to connect if helpful.

Sincerely,

Marissa

--

Marissa Grabowski

mmgrabowski12@gmail.com

281.768.0009

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

**2 attachments**

📄 **Notice of Representation and Reminder of Release and Post Employment Obligations.pdf**
193K

📄 **Executed Separation and Release Agreement.pdf**
271K

**Marissa Grabowski** <mmgrabowski12@gmail.com>                    Sun, Apr 19, 2026 at 11:59 AM

To: Michelle Pector <michelle.pector@morganlewis.com>
Cc: "Grace E. Speights" <grace.speights@morganlewis.com>, Thomas Cullen Wallace <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Ms. Pector,

Thank you for your correspondence. I am currently observing my Sunday rest, but wanted to confirm receipt of your email.

I will be in touch, and I look forward to working with you!

Sent from my iPhone

> On Apr 19, 2026, at 9:31AM, Pector, Michelle <michelle.pector@morganlewis.com> wrote:

[Quoted text hidden]
<Notice of Representation and Reminder of Release and Post Employment Obligations.pdf>
<Executed Separation and Release Agreement.pdf>

---

**Pector, Michelle** <michelle.pector@morganlewis.com>                                             Sun, Apr 19, 2026 at 1:35 PM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Thank-you for confirming receipt, Ms. Grabowski.

We look forward to working with you as well.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

   

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Sunday, April 19, 2026 2:00 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Linda Zofchak Spencer <lspencer@kslaw.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>                                             Mon, Apr 20, 2026 at 9:57 AM
To: "Pector, Michelle" <michelle.pector@morganlewis.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Counselors,

I have reviewed your position. The issues raised will be properly addressed through the legal process, and that is how I intend to proceed.

To the extent helpful, I will prepare a verification of facts and allegations as pleaded under oath. In compliance with the applicable rules and procedures, please also advise as to the appropriate contact for service.

Again, I'm only in my third year of practice. I am constantly seeking input from seasoned attorneys and will remain open to professional and constructive feedback from you and your team as this matter progresses.

Sincerely,

Marissa

[Quoted text hidden]

---

**Pector, Michelle** <michelle.pector@morganlewis.com>                                             Mon, Apr 20, 2026 at 1:29 PM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Dear Marissa,

Please let me know your availability for a conferral call before any filing so we can schedule a time to discuss this matter.

Note, I am in Virginia this week for work, so my responses may be delayed, but we can work together on finding a time that works for both our schedules.

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>
To: "Pector, Michelle" <michelle.pector@morganlewis.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Mon, Apr 20, 2026 at 2:01 PM

No. I have asked a straightforward question and expect a response in writing.

In light of your client's characterizations of my attitude and demeanor, it would be most appropriate to proceed via email until this matter is before the Court. I trust you agree.

Sincerely,

Ms. Grabowski

[Quoted text hidden]

---

**Pector, Michelle** <michelle.pector@morganlewis.com>
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Mon, Apr 20, 2026 at 8:34 PM

Marissa,

My prior letter to you addressed your question about service. It's unclear to me what question you maintain has not been answered.  As previously indicated, all counsel on this email should be copied on your communications and notified of any filings.

I remain willing to have a conferral call with you as noted below.

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>
To: Michelle Pector <michelle.pector@morganlewis.com>

Mon, Ap

What is not clear from this email?



8:54 ☾

‹ 5

∧ ∨

1 Message

⤷ Summari



**Marissa Grabowski**                    9:57 A

To: Michelle   Cc: Grace, Thomas, Linda  ›

# Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

Counselors,

I have reviewed your position. The issues raised will be properly addressed through the legal process, and that is how I intend to proceed.

To the extent helpful, I will prepare a verification of facts and allegations as pleaded under oath. In

compliance with the applicable rules and procedures, please also advise as to the appropriate contact for service.

Again, I'm only in my third year of practice. I am constantly seeking input from seasoned attorneys and will remain open to professional and constructive feedback from you and your team as this matter progresses.

Sincerely,

Marissa



On Sun, Apr 19, 2026 at 1:35 PM Pector, Michelle <michelle.pector@morganlewis.com> wrote:

Thank-you for confirming receipt, Ms. Grabowski.

Sent from my iPhone

On Apr 20, 2026, at 8:34 PM, Pector, Michelle <michelle.pector@morganlewis.com> wrote:


Marissa,


My prior letter to you addressed your question about service. It's unclear to me what question you maintain has not been answered. As previously indicated, all counsel on this email should be copied on communications and notified of any filings.


I remain willing to have a conferral call with you as noted below.


Best regards,

Michelle


**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com


<image001.png>

<image002.png>

<image003.png>

<image004.png>

<image005.png>

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Monday, April 20, 2026 4:01 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Linda Zofchak Spencer <lspencer@k
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations


[EXTERNAL EMAIL]

No. I have asked a straightforward question and expect a response in writing.

In light of your client's characterizations of my attitude and demeanor, it would be most appropriate to proceed via email until this matter is before the Court. I trust you agree.

Sincerely,

Ms. Grabowski


On Mon, Apr 20, 2026 at 1:30 PM Pector, Michelle <michelle.pector@morganlewis.com> wrote:

> Dear Marissa,
>
>
> Please let me know your availability for a conferral call before any filing so we can schedule a time to discuss this matter.
>
>
> Note, I am in Virginia this week for work, so my responses may be delayed, but we can work together on finding a time that works for both our schedules.
>
>
> Best regards,
>
> Michelle
>
>
> **Michelle Pector**
>
> **Morgan, Lewis & Bockius LLP**
>
> 1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
>
> Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

<image001.png>

<image002.png>

<image003.png>

<image004.png>

<image005.png>

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Monday, April 20, 2026 11:58 AM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Linda Zofchak Spencer <lspencer@kslaw.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

Counselors,

I have reviewed your position. The issues raised will be properly addressed through the legal process, and that is how I intend to proceed.

To the extent helpful, I will prepare a verification of facts and allegations as pleaded under oath. In compliance with the applicable rules and procedures, please also advise as to the appropriate contact

Again, I'm only in my third year of practice. I am constantly seeking input from seasoned attorneys and will remain open to professional and constructive feedback from you and your team as this mat progresses.

Sincerely,

Marissa

On Sun, Apr 19, 2026 at 1:35 PM Pector, Michelle <michelle.pector@morganlewis.com> wrote:

Thank-you for confirming receipt, Ms. Grabowski.

We look forward to working with you as well.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

<image001.png>

<image002.png>

<image003.png>

<image004.png>

<image005.png>

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

---

Pector, Michelle <michelle.pector@morganlewis.com>                                                      Tue, Apr 21, 2026 at 4:55 AM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Marissa,

You are directed back to my prior communications, which previously answered your highlighted question.

As set forth in the notice I sent you on April 19, 2026, we are not authorized to accept service nor will King & Spalding accept service on behalf of any of the KS Released Parties and regardless, service efforts are premature for the reasons explained in that notice.

As previously indicated, all counsel on this email should be copied on your communications and notified of any filings.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

   

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>                                    Tue, Apr 21, 2026 at 6:51 AM
To: Michelle Pector <michelle.pector@morganlewis.com>
Cc: "Grace E. Speights" <grace.speights@morganlewis.com>, Thomas Cullen Wallace <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Ok.

Sent from my iPhone

> On Apr 21, 2026, at 4:56 AM, Pector, Michelle <michelle.pector@morganlewis.com> wrote:

Marissa,

You are directed back to my prior communications, which previously answered your highlighted question.

As set forth in the notice I sent you on April 19, 2026, we are not authorized to accept service nor will King & Spalding accept service on behalf of any of the KS Released Parties and regardless, service efforts are premature for the reasons explained in that notice.

As previously indicated, all counsel on this email should be copied on your communications and notified of any filings.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

<image001.png>

<image002.png>

Case 4:26-cv-05327   Document 1-3   Filed 07/06/26 in TXSD   Page 45 of 53

<image003.png>

<image004.png>

<image005.png>

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Monday, April 20, 2026 10:56 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

What is not clear from this email?

<image006.png>

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>                    Tue, May 26, 2026 at 7:13 AM
To: Michelle Pector <michelle.pector@morganlewis.com>
Cc: "Grace E. Speights" <grace.speights@morganlewis.com>, Thomas Cullen Wallace <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Hi Ms. Pector,

Am I missing any correspondence from your team?

Sent from my iPhone

On Apr 21, 2026, at 6:51AM, Marissa Grabowski <mmgrabowski12@gmail.com> wrote:

Ok.

[Quoted text hidden]

---

**Pector, Michelle** <michelle.pector@morganlewis.com>             Wed, May 27, 2026 at 5:47 PM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Marissa,

We have responded to all your prior communications.  However, we have not received the return of your company issued laptop and cell phone. Please confirm the location of those devices so we can coordinate their return this week.

Please also let us know where you would like your personal items delivered as previously requested.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

    

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>                    Sat, May 30, 2026 at 8:04 AM
To: "Pector, Michelle" <michelle.pector@morganlewis.com>

I'm moving everyone else off this chain so we can discuss this directly. I didn't think it was necessary to have this conversation in front of your client.

I was under the impression that you remembered me (calling me 'Marissa') from my summer associate interview process. Based on our recent interactions, it appears I misunderstood your intentions and the level of cooperation I should have expected.

As for my belongings, I requested their return months ago. The logistics of coordinating that return are an internal issue for you and your client to resolve, not me.

Gmail - Notice of Representation and Reminder of Release and Post-Employment Obligations

Separately, I am only interested in addressing legal issues in my dispute. Do you anticipate taking the pen on drafting and substantive briefing, or should I expect someone more junior to serve as most knowledgeable on those efforts?

[Quoted text hidden]

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>                                    Tue, Jun 2, 2026 at 7:29 PM
To: "Pector, Michelle" <michelle.pector@morganlewis.com>, "Grace E. Speights" <grace.speights@morganlewis.com>, Thomas Cullen Wallace <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Counsel:

In anticipation of litigation, and in an effort to narrow issues, avoid unnecessary motion practice, and conserve costs for both the parties and the Court, please advise your client's position on the following. Given the specialized backgrounds of members of your team, I have directed certain questions to the attorneys who appear most knowledgeable in those subject areas. If another attorney is better positioned to address a particular issue, please let me know.

**Arbitration / Employment Agreement Issues**

To counsel handling arbitration matters:

1. Please identify all grounds upon which Defendant contends any arbitration agreement is enforceable against Plaintiff.

2. Please identify whether Defendant intends to compel arbitration and, if so, whether Defendant contends all claims are subject to arbitration.

3. Please identify any delegation provisions Defendant contends require threshold arbitrability questions to be decided by the arbitrator rather than the Court.

4. Please identify any anticipated arguments concerning waiver, estoppel, ratification, unconscionability, severability, or scope of the arbitration provision.

5. Please advise whether Defendant contends any claims fall outside the arbitration agreement.

**Employment / EEOC / Administrative Exhaustion Issues**

To counsel handling employment matters:

1. Please identify any anticipated defenses concerning administrative exhaustion, timeliness, or EEOC charge requirements.

2. Please advise whether Defendant contends any asserted or anticipated claims would create federal-question jurisdiction.

3. If state-law claims are asserted alongside FEHA and related state causes of action, does Defendant anticipate seeking removal to federal court?

4. Would Defendant stipulate to litigating such claims in state court?

5. Does Defendant contend any contractual jury-trial waiver is enforceable, and if so, on what basis?

6. Does Defendant contend any claims are preempted, displaced, or otherwise subject to exclusive federal administrative procedures?

**Jurisdictional / Procedural Issues**

To all counsel:

1. Please identify any anticipated challenges to personal jurisdiction, venue, or service.

2. Please identify any anticipated motions to transfer, stay, dismiss, sever, or bifurcate claims.

3. Please identify any anticipated standing, ripeness, mootness, or statute-of-limitations defenses.

4. Please identify any anticipated challenges concerning damages, causation, mitigation, after-acquired evidence, or affirmative defenses.

5. Please identify any anticipated privilege, confidentiality, or protective-order issues unique to the facts of this matter.

6. Please identify any other threshold procedural issues Defendant anticipates raising through demurrer, motion to dismiss, motion to strike, special motion, or other early dispositive motion practice.

If Defendant anticipates asserting any other threshold defense or procedural objection not identified above, please advise so that the parties may evaluate whether those issues can be addressed efficiently prior to filing.

Thank you.

[Quoted text hidden]

---

**Pector, Michelle** <michelle.pector@morganlewis.com>                                    Tue, Jun 2, 2026 at 8:56 PM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Ms. Grabowski,

While it's unclear what your email is referring to as this matter is our first interaction together, I will continue to be the point of contact along with my colleagues on this thread.

Consistent with my email below, we have yet to receive the return of the following company issued devices:

- Microsoft Surface 7 laptop – SN# 0F36Y9G25103P7
- Apple iPhone 15 Pro – SN# CGY49DF756

In connection with your ongoing legal obligation to return your company owned laptop and phone, please confirm this week where these devices are located so we can arrange for a courier to pick them up.

Separately, once you provide an address where you would like your personal items delivered, delivery arrangements will be made as previously noted.

[Quoted text hidden]

---

Case 4:26-cv-05327 Document 1-3 Filed 07/06/26 in TXSD Page 47 of 53

**Pector, Michelle** <michelle.pector@morganlewis.com> Fri, Jun 5, 2026 at 6:02 PM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Ms. Grabowski,

You are redirected back to my April 19, 2026 correspondence to you and the substance therein. You are further reminded of your binding release in the attached Separation Agreement and General Release that you executed and for which you accepted consideration.

Consistent with your ongoing contractual and legal obligations, please promptly return the company issued Microsoft Surface 7 laptop (SN# 0F36Y9G25103P7) and Apple iPhone 15 Pro (SN# CGY49DF756) to my office or provide a delivery address where they can be retrieved as previously requested.

[Quoted text hidden]

---------- Forwarded message ----------
From: "Pector, Michelle" <michelle.pector@morganlewis.com>
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>
Bcc:
Date: Wed, 3 Jun 2026 03:56:18 +0000
Subject: RE: Notice of Representation and Reminder of Release and Post-Employment Obligations

Ms. Grabowski,

While it's unclear what your email is referring to as this matter is our first interaction together, I will continue to be the point of contact along with my colleagues on this thread.

Consistent with my email below, we have yet to receive the return of the following company issued devices:

- Microsoft Surface 7 laptop – SN# 0F36Y9G25103P7
- Apple iPhone 15 Pro – SN# CGY49DF756

In connection with your ongoing legal obligation to return your company owned laptop and phone, please confirm this week where these devices are located so we can arrange for a courier to pick them up.

Separately, once you provide an address where you would like your personal items delivered, delivery arrangements will be made as previously noted.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

    

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Saturday, May 30, 2026 10:05 AM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

I'm moving everyone else off this chain so we can discuss this directly. I didn't think it was necessary to have this conversation in front of your client.

I was under the impression that you remembered me (calling me 'Marissa') from my summer associate interview process. Based on our recent interactions, it appears I misunderstood your intentions and the level of cooperation I should have expected.

As for my belongings, I requested their return months ago. The logistics of coordinating that return are an internal issue for you and your client to resolve, not me.

Separately, I am only interested in addressing legal issues in my dispute. Do you anticipate taking the pen on drafting and substantive briefing, or should I expect someone more junior to serve as most knowledgeable on those efforts?

On Wed, May 27, 2026 at 5:48 PM Pector, Michelle <michelle.pector@morganlewis.com> wrote:

Marissa,

We have responded to all your prior communications.  However, we have not received the return of your company issued laptop and cell phone. Please confirm the location of those devices so we can coordinate their return this week.

Please also let us know where you would like your personal items delivered as previously requested.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

    

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Tuesday, May 26, 2026 9:13 AM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Linda Zofchak Spencer <lspencer@kslaw.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

Hi Ms. Pector,

Am I missing any correspondence from your team?

Sent from my iPhone

> On Apr 21, 2026, at 6:51 AM, Marissa Grabowski <mmgrabowski12@gmail.com> wrote:

> Ok.

> Sent from my iPhone

>> On Apr 21, 2026, at 4:56 AM, Pector, Michelle <michelle.pector@morganlewis.com> wrote:

>> Marissa,

>> You are directed back to my prior communications, which previously answered your highlighted question.

>> As set forth in the notice I sent you on April 19, 2026, we are not authorized to accept service nor will King & Spalding accept service on behalf of any of the KS Released Parties and regardless, service efforts are premature for the reasons explained in that notice.

>> As previously indicated, all counsel on this email should be copied on your communications and notified of any filings.

>> Best regards,

>> Michelle

>> **Michelle Pector**

>> **Morgan, Lewis & Bockius LLP**

>> 1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

>> Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

<image001.png>

<image002.png>

<image003.png>

<image004.png>

<image005.png>

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Monday, April 20, 2026 10:56 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

What is not clear from this email?

<image006.png>

Sent from my iPhone

On Apr 20, 2026, at 8:34 PM, Pector, Michelle <michelle.pector@morganlewis.com> wrote:

Marissa,

My prior letter to you addressed your question about service. It's unclear to me what question you maintain has not been answered.  As previously indicated, all counsel on this email should be copied on your communications and notified of any filings.

I remain willing to have a conferral call with you as noted below.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

<image001.png>

<image002.png>

<image003.png>

Case 4:26-cv-05327    Document 1-3    Filed 07/06/26 in TXSD    Page 50 of 53

<image004.png>

<image005.png>

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Monday, April 20, 2026 4:01 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>;
Linda Zofchak Spencer <lspencer@kslaw.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

No. I have asked a straightforward question and expect a response in writing.

In light of your client's characterizations of my attitude and demeanor, it would be most appropriate to proceed via email until this matter is before the Court. I trust you agree.

Sincerely,

Ms. Grabowski

On Mon, Apr 20, 2026 at 1:30 PM Pector, Michelle <michelle.pector@morganlewis.com> wrote:

Dear Marissa,

Please let me know your availability for a conferral call before any filing so we can schedule a time to discuss this matter.

Note, I am in Virginia this week for work, so my responses may be delayed, but we can work together on finding a time that works for both our schedules.

Best regards,

Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

<image001.png>

<image002.png>

<image003.png>

<image004.png>

<image005.png>

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Monday, April 20, 2026 11:58 AM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>
**Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Linda Zofchak Spencer <lspencer@kslaw.com>
**Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations

[EXTERNAL EMAIL]

Counselors,

I have reviewed your position. The issues raised will be properly addressed through the legal process, and that is how I intend to proceed.

To the extent helpful, I will prepare a verification of facts and allegations as pleaded under oath. In compliance with the applicable rules and procedures, please also advise as to the appropriate contact for service.

Again, I'm only in my third year of practice. I am constantly seeking input from seasoned attorneys and will remain open to professional and constructive feedback from you and your team as this matter progresses.

Sincerely,

Marissa

On Sun, Apr 19, 2026 at 1:35 PM Pector, Michelle <michelle.pector@morganlewis.com> wrote:

> Thank-you for confirming receipt, Ms. Grabowski.
>
> We look forward to working with you as well.
>
> Best regards,
>
> Michelle
>
> **Michelle Pector**
>
> **Morgan, Lewis & Bockius LLP**
>
> 1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
>
> Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001
>
> Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com
>
> michelle.pector@morganlewis.com | www.morganlewis.com
>
> <image001.png>
>
> <image002.png>
>
> <image003.png>
>
> <image004.png>
>
> <image005.png>
>
> ---
>
> **From:** Marissa Grabowski <mmgrabowski12@gmail.com>
> **Sent:** Sunday, April 19, 2026 2:00 PM
> **To:** Pector, Michelle <michelle.pector@morganlewis.com>
> **Cc:** Speights, Grace E. <grace.speights@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Linda Zofchak Spencer <lspencer@kslaw.com>
> **Subject:** Re: Notice of Representation and Reminder of Release and Post-Employment Obligations
>
> [EXTERNAL EMAIL]
>
> Ms. Pector,
>
> Thank you for your correspondence. I am currently observing my Sunday rest, but wanted to confirm receipt of your email.
>
> I will be in touch, and I look forward to working with you!
>
> Sent from my iPhone
>
>> On Apr 19, 2026, at 9:31 AM, Pector, Michelle <michelle.pector@morganlewis.com> wrote:
>>
>> Dear Ms. Grabowski,

Case 4:26-cv-05327 Document 1-3 Filed 07/06/26 in TXSD Page 52 of 53

In connection with your email below, please find the attached Notice of Representation and Reminder of your Release and Post-Employment Obligations.

Given that the King & Spalding LLP and the individuals identified in your draft petition and March 16th correspondence are represented by counsel, all future communications regarding this matter must be directed through counsel.

Best regards,
Michelle

**Michelle Pector**

**Morgan, Lewis & Bockius LLP**

1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005

Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001

Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

michelle.pector@morganlewis.com | www.morganlewis.com

---

**From:** Marissa Grabowski <mmgrabowski12@gmail.com>
**Sent:** Thursday, April 16, 2026 2:19 AM
**To:** Amory McAndrew <AMcAndrew@kslaw.com>
**Cc:** Marissa Grabowski <mgrabowski@millerbarondess.com>
**Subject:** RE: Jane Doe - Initial Coordination

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

Happy Thursday! We are preparing to file and wanted to reach out in advance to see whether there are any matters the parties might be able to stipulate to at the outset. If there are areas where we can narrow issues or agree on basic parameters—particularly to avoid unnecessary motion practice—I'm open to discussing.

Separately, please let me know how you would prefer to handle service of process. I am happy to coordinate in a manner that is most efficient for everyone.

I'm available to connect if helpful.

Sincerely,

Marissa

--

Marissa Grabowski

mmgrabowski12@gmail.com

281.768.0009

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

<Notice of Representation and Reminder of Release and Post Employment Obligations.pdf>

<Executed Separation and Release Agreement.pdf>

--

Marissa Grabowski

mmgrabowski12@gmail.com

281.768.0009

--

Marissa Grabowski

Case 4:26-cv-05327  Document 1-3   Filed 07/06/26 in TXSD   Page 53 of 53

mmgrabowski12@gmail.com

281.768.0009

--

Marissa Grabowski

mmgrabowski12@gmail.com

281.768.0009

---

**3 attachments**

 **Notice of Representation and Reminder of Release and Post Employment Obligations.pdf**
193K

**Executed Separation and Release Agreement.pdf**
271K

**RE: Notice of Representation and Reminder of Release and Post-Employment Obligations.eml**
145K

---

**Marissa Grabowski** <mmgrabowski12@gmail.com>                                           Fri, Jun 5, 2026 at 7:08 PM
To: "Pector, Michelle" <michelle.pector@morganlewis.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Just to be abundantly clear--this is your legal position: You are further reminded of your binding release in the attached Separation Agreement and General Release that you executed and for which you accepted consideration.

[Quoted text hidden]

---

**Pector, Michelle** <michelle.pector@morganlewis.com>                                      Tue, Jun 9, 2026 at 4:03 PM
To: Marissa Grabowski <mmgrabowski12@gmail.com>
Cc: "Speights, Grace E." <grace.speights@morganlewis.com>, "Wallace, Thomas Cullen" <cullen.wallace@morganlewis.com>, Linda Zofchak Spencer <lspencer@kslaw.com>

Ms. Grabowski,

This email confirms our position that you signed a legally binding agreement and general release.

It also confirms our position that you remain in possession of firm-owned property without authorization that you are legally obligated to return pursuant to that agreement and the law.

Your repeated refusal to respond to requests for the return of such property runs counter to your legal obligations.

Given your ongoing legal obligation to return the firm owned laptop and iPhone, please use the attached pre-paid FedEx label to ship those devices, bubble wrapped individually, to my office tomorrow and send us an email confirming when the package was dropped off to FedEx so we can track delivery of it. Alternatively, please provide a location and time where those devices can be retrieved promptly by a courier.

[Quoted text hidden]

**Prepaid FedEx Label.pdf**
241K